IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs December 19, 2023

## LEE ARDREY HARRIS v. ALENA MARIE ALLEN

**Appeal from the Chancery Court for Shelby County**
**No. CH-23-0389      JoeDae L. Jenkins, Chancellor**

_____

### No. W2023-01794-COA-T10B-CV

_____

The appellant is the Mayor of Shelby County. He filed a complaint for divorce, and the Shelby County chancellor originally assigned to the case recused herself. The case was reassigned to another Shelby County chancellor who accepted the case. Six months later, the appellant filed a motion to recuse the chancellor based on the Mayor's budgetary duties regarding Shelby County government, including the chancery court and the chancery court clerk. The chancellor denied the motion, finding that it was not filed promptly in accordance with Tennessee Supreme Court Rule 10B. We affirm.

**Tenn. Sup. Ct. R. 10B Interlocutory Appeal as of Right; Judgment of the Chancery Court Affirmed**

ANDY D. BENNETT, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and J. STEVEN STAFFORD, P.J., W.S., joined.

Sarah Suzanne Brown, Memphis, Tennessee, for the appellant, Lee Ardrey Harris.

Vickie Hardy Jones, Memphis, Tennessee, for the appellee, Alena Marie Allen.

### OPINION

FACTUAL AND PROCEDURAL BACKGROUND

This is a Tennessee Supreme Court Rule 10B appeal seeking the recusal of Chancellor Joedae Jenkins of Shelby County. The appellant is the Shelby County Mayor, and the matter before the trial court is a divorce. The facts are largely uncontroverted.

Mayor Lee Ardrey Harris ("Mayor Harris" or "Husband") filed a complaint for divorce from Alena Marie Allen ("Ms. Allen" or "Wife") on March 20, 2023. Ms. Allen filed an answer and counter-complaint on March 29, 2023. The next day, the first

chancellor assigned to the case recused herself *sua sponte*, finding that there was a conflict of interest and stating, "In order to avoid even the appearance of impropriety with regards to the parties in this case, the Court finds it should recuse itself from any further activity in this case." The case was randomly reassigned to Chancellor Jenkins, who entered an order accepting the reassignment.

According to Chancellor Jenkins's order denying recusal, the case proceeded as follows:

(F) On April 5, 2023, Wife filed a *Notice of Attorneys as Parties*.

(G) On April 6, 2023, Wife filed her *Petition for Entry of Parenting Plan and to Permit Relocation of Mother with Minor Children*, which included her proposed Permanent Parenting Plan.

(H) On May 8, 2023, Husband filed *Father's Response to Mother's Petition for Entry of Parenting Plan and to Permit Relocation of Mother with Minor Children*. Although not titled as such, [this] pleading included Husband's counter-petition and proposed *Permanent Parenting Plan*.

(I) On June 10, 2023, Wife filed *Mother's Response to Father's Counter-Petition to Set Parenting Time*.

(J) On June 20, 2023, Wife filed *Motion to Consider Children's Preference and to Allow Testimony of Children*.

(K) On June 22 and 28, 2023, this Court conducted a hearing on Mother's April 6, 2023 Petition and Father's May 8, 2023 Counter-Petition.

(L) On June 28, 2023, this Court rendered its oral ruling.

(M) On July 24, 2023, this Court entered its *Order on Mother's Petition for Entry of Parenting Plan and to Permit Relocation of Mother with Minor Children and Father's Response to Mother's Petition for Entry of Parenting Plan and to Permit Relocation of Mother with Minor Children/Father's Counter-Petition to Set Parenting Time and Permanent Parenting Plan*.

On September 28, 2023, Mayor Harris filed a motion to recuse Chancellor Jenkins based on the appearance of impropriety arising from the Mayor's authority over the Shelby County budget, which includes items regarding the Shelby County Chancery Court and Shelby County Chancery Court Clerk.[1] On November 14, 2023, the trial court held a

---

[1] In no pleading in the trial court or on appeal does Mayor Harris cite to any state statutes or county

hearing on the motion to recuse and entered its written order denying the motion on November 27, 2023. In the order, the trial court held that Mayor Harris "waived the issue by failing to raise it in a timely manner." The court found that Mayor Harris did not raise the concern of an appearance of impropriety until the September 28 filing of his motion to recuse, while "[a]ll of the facts relied on by [Mayor Harris] for his request that this court recuse itself were known to [Mayor Harris] at the time of the filing of his *Complaint* and at all times relevant hereto." Mayor Harris appealed.

STANDARD OF REVIEW

An appellate court reviews the trial court's ruling on a recusal motion under a de novo standard of review. TENN. SUP. CT. R. 10B, § 2.01.

ANALYSIS

Tennessee Supreme Court Rule 10B, section 1.01 begins by declaring that a party seeking recusal of a trial judge "shall do so by a written motion filed promptly after a party learns or reasonably should have learned of the facts establishing the basis for recusal." Promptness is mandatory and its importance is declared at the very beginning of the rule. "Courts frown upon the manipulation of the impartiality issue to gain procedural advantage and will not permit litigants to refrain from asserting known grounds for disqualification in order 'to experiment with the court . . . and raise the objection later when the result of the trial is unfavorable.'" *Kinard v. Kinard*, 986 S.W.2d 220, 228 (Tenn. Ct. App. 1998) (quoting *Holmes v. Eason*, 76 Tenn. (8 Lea) 754, 757 (Tenn. 1882)). A delay in asserting the right to an impartial judge will result "in a waiver of a party's right to question a judge's impartiality." *Id*.

Chancellor Jenkins's order at the end of March clearly accepted the case assignment. Mayor Harris raised the appearance of impropriety issue at the end of September – six months after the court accepted the case and two months after the trial court ruled on the conflicting petitions. Ms. Allen's response in this Court suggests that Mayor Harris's motion to recuse is a "strategic maneuver." In his Rule 10B petition, Mayor Harris denies that the issue of recusal is "strategic." Rather, he maintains that he "did not see the need to bring up the issue since he contemplated an out-of-court resolution of the parties' divorce."

_____

regulations or rules regarding his budgetary oversight of the Shelby County Chancery Court or the Shelby County Chancery Court Clerk. The Mayor attached an affidavit to his Rule 10B appellate petition, dated December 18, 2023. An attachment to the Mayor's affidavit entitled "FY24 Budget Highlights" includes a citation to Tenn. Code Ann. § 8-21-401, which is a schedule of fees. The Mayor's affidavit indicates that the proposed budget shows a decrease in funding and an additional employee for the Shelby County Chancery Court. Because the affidavit is dated December 18, 2023, and the trial court's order denying the motion to recuse was entered November 27, 2023, we conclude that the affidavit was not presented to the trial court for consideration.

Strategic or not, Mayor Harris's delay in raising the issue is fatal to his cause. Mayor Harris knew of his budget duties at the time he filed for divorce. He states in his appellate petition that he has denied funding requests from the Shelby County chancellors in the past. If he felt the issue was or could be a problem, the time to raise it was at the beginning of the case – not six months later and not after a full evidentiary hearing on competing petitions for permanent parenting plans. Mayor Harris did not raise the issue promptly and therefore the issue is waived. The Rule 10B petition is denied.

CONCLUSION

The judgment of the chancery court is affirmed. Costs of this appeal are assessed against the appellant, Mayor Lee Ardrey Harris, for which execution may issue if necessary.

_/s/ Andy D. Bennett_____
ANDY D. BENNETT, JUDGE